Harold T. Garrity, J.
Defendant moves to vacate default judgment. Accepting the explanation of defendant’s counsel, it would appear that defendant was one day late in attempting to serve his answer. The correspondence between counsel seems to support that conclusion. Whether or not plaintiffs’ attorney firstly agreed and then reneged on granting an extension of one day is of little moment. The court has before it some 24 pages of affidavits, pleadings, etc., replete with quite extraneous matter, e.g., whether or not one of the plaintiffs and the defendant are related by blood or marriage. What is abundantly clear, however, is that the court is required to adjudicate a situation which should have been resolved by counsel and the parties extending to each other such elementary courtesies which counsel, litigants and courts should take for granted.
Certainly the defendant is entitled to his day in court. The contentiousness between litigants should not be permitted to subvert the good relationships and fraternal amenities among lawyers. The Bar, in their relationships with each other, should strive for “ the punctilio of an honor the most sensitive.” Apart from obviating much friction and easing tensions, it will save much time and money. Extensive motion practice involving minor issues is today too expensive a luxury for the Bar or the courts.
We hold that under section 108 of the Civil Practice Act the defendant should be relieved of the default judgment. The facts *746 establish inadvertence and excusable neglect within the meaning thereof.
Motion granted on condition that defendant serve his answer within 10 days from the service of the order with notice of entry. Settle order on notice.